## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TYRONE BRANTLEY, on behalf of himself and all others similarly situated, | Case No. 1:23-cv-1566 |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| PRISMA LABS, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Tyrone Brantley individually and on behalf of all others similarly situated ("Class members"), bring this Class Action Complaint against Defendant Prisma Labs, Inc. ("Prisma"). Plaintiff complains and alleges as follows based on personal knowledge as to himself, the investigation of his counsel, and information and belief as to all other matters, and demands a trial by jury.

## NATURE OF THE ACTION

1.      Without providing any notice and without obtaining any consent, Prisma covertly scraped billions of photographs from the internet – including facial images of thousands of Illinois residents– and then used artificial intelligence algorithms to scan the face geometry of each individual depicted in the photographs in order to confirm they are a human being and harvest the individual's unique biometric identifiers[1] and corresponding biometric information[2]

---

[1] As used here, "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others. *See* 740 ILCS 14/10.

[2] As used here, "biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual. *See Id.*

(collectively, "Biometrics").

2.      Further, Prisma created a biometric database (the "Biometric Database" or "training set") that contained the above-described Biometrics and using the Database, trained a "neural network AI."

3.      Prisma has branded and packaged its neural network AI as "Lensa"[3] and sells an application or "app" direct to consumers called "Lensa AI: photo & video editor." As of the writing of this complaint, Lensa is in the top 100 apps on the Apple App Store.

4.      Prisma did not develop its technology for research purposes or other altruistic purposes. Rather, Prisma developed its technology to invade the privacy of Illinois residents for its own profit. In pursuit of profit, Prisma allows public and private entities and persons to purchase access to from the Biometric Database and products generated from the Database by Lensa.

5.      Accordingly, Plaintiff, on behalf of himself and similarly situated individuals, brings this action for damages and other legal and equitable remedies resulting from the actions of Prisma, for the unlawful creation and/or use of the Biometric Database consisting of the Biometrics of thousands of Illinois residents. As alleged below, Defendant's conduct violated, and continues to violate, Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, as well as other constitutional, statutory, and common law rights, causing injury to Plaintiff and Class members.

## PARTIES

6.      Plaintiff is, and at relevant times has been, a resident of Gurnee Illinois, residing in the Northern District of Illinois.

---

[3] https://prisma-ai.com/lensa

7.      Prisma is a private, for-profit California corporation, headquartered in Sunnyvale, California.

8.      Prisma markets its technology throughout the United States, including in Illinois.

9.      Moreover, Prisma obtains the images that underlie its technology from millions of internet-based platforms and websites, including, on information and belief, based on the magnitude of platforms and websites involved, platforms and websites of Illinois companies or companies who operate servers in Illinois. Prisma's business and unlawful practices has illicitly shared and profited from the Biometrics of unsuspecting Illinois residents. Prisma continues to engage in this conduct to this day.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from one of the Defendant. The Court has supplemental jurisdiction over all of the state law claims pursuant to 28 U.S.C. § 1367.

11.     This Court has personal jurisdiction over Prisma because its contacts with Illinois are directly related to the conduct alleged here.

12.     Upon information and belief, Prisma purposely directed its illegal harvesting at the State of Illinois and images contained in the training set were uploaded and created using internet-based platforms and websites from companies in Illinois or companies who operate servers in Illinois. Simply put, Prisma took biometric information from Illinois residents, used the covertly obtained biometric information to create a surveillance database, and then marketed and sold licenses to use the database of Plaintiff's and Class members' biometric information to

entities and individuals nationwide, including in Illinois. As a result, plaintiff and Class members'
privacy rights were violated.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, as
alleged above, a substantial part of the acts or omissions giving rise to Plaintiff's and Class
member's claims occurred in Illinois. Alternatively, venue is proper pursuant to 28 U.S.C. §
1391(b)(3) because the Court has personal jurisdiction over Prisma.

## FACTUAL ALLEGATIONS

*Biometric Identifiers*

14.    Every individual has unique features by which he or he/she can be identified using
a set of standard quantitative measurements, commonly referred to as "biometric identifiers."

15.    For example, the shape of and distance between tiny ridges on each person's finger
are unique, so measures of those features can be used to identify a specific individual as the
person who made a fingerprint.

16.    Each person also has a unique facial geometry composed of, among other
measurements, distances between key facial landmarks and ratios between those distances.

17.    Once a picture of a person's face is scanned and its biometric measurements are
captured, computers can store that information and use it to identify that individual any other time
that person's face appears on the internet, in a scanned picture or in footage from any of the
billions of cameras that are constantly monitoring the public's daily lives.

18.    Unlike fingerprints, facial biometrics are readily observable and, thus, present a
grave and immediate danger to privacy, individual autonomy, and liberty.

*Prisma's Unlawful Biometric Database*

19.    Prisma obtained Plaintiff and Class Member's Biometrics by taking URLs for

image/text pairs from the "LAION 5B" dataset, a publicly available research database of over 5 billion such URLs indiscriminately scraped from the internet.

20.     Prisma created, used, and/or licensed programs to collect, capture and obtain Biometrics from the billions of image/text pairs in LAION 5B – including, on information and belief, the Biometrics of Plaintiff and Class members – which Prisma has in turn amassed into the training set which Prisma used to train the Lensa AI.

21.     Plaintiff is informed and believes that Prisma uses facial recognition technology to analyze images and map the unknowing subject's face.

22.     Prisma has used and continues to use such technology, as part of the initial process of recognizing if the billions of scraped photos contained a human face, while training the generative AI database, and each time one of Prisma's clients queried the Lensa AI, and in turn, the Biometric Database.

23.     Additionally, Prisma has distributed, disseminated, sold, traded, leased and otherwise profited from the Biometrics it unlawfully collected, captured and obtained.

24.     To date, the Prisma has, through Lensa AI, sold unfettered access to its vast Biometric Database to millions of individuals, including persons in Illinois.

25.     Prisma compares the facial geometry of the subject appearing in a chosen photograph or video against the facial geometry of each of the hundreds of millions of subjects appearing in the database, including the facial geometry of each of the Plaintiffs and Plaintiff Class members. Thus, by scraping, creating, and querying the Biometric Database and Lensa AI, Prisma has necessarily obtained, accessed and used all of the Biometrics in that database, including the Biometrics of Plaintiffs and Plaintiff Class members.

26.     Lensa AI's privacy policy[4] openly states that "[s]ome editing features may use TrueDepth API technologies that provide information about facial position, orientation, and topology. Such information is used only on-device and is never stored on our servers. For more information about TrueDepth API processing of your photos and videos, you may visit the following link."

27.     The "link"[5] referenced by the Lensa AI privacy policy states that "[w]hen ARKit detects a face, it creates an ARFaceAnchor object that provides information about a person's facial position, orientation, topology, and expression."

28.     Anyone can run the Lensa AI and utilize the Biometric Database that contained the sensitive Biometrics of millions of United States residents, including Plaintiffs and Plaintiff Class members.

29.     When a Prisma client sends a query through Lensa AI, Prisma uses the Biometric Database to create new pictures through an algorithmic learning process. The "new" pictures are entirely derivative of the Biometric Database. Ultimately, Lensa AI, is a complex collage tool that uses Plaintiff's and Class members' biometrics to create its product.

***Allegations Related to Plaintiff***

30.     At relevant times, Plaintiff uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. Further, at relevant times, photographs taken in Illinois and containing images of Plaintiff's face were uploaded by others to various websites on the internet. In creating the Biometric Database, Prisma searched millions of websites on the internet for image files. On information and belief, Plaintiff's Biometrics are

---

[4] https://lensa-ai.com/privacy
[5] https://developer.apple.com/documentation/arkit/arfacetrackingconfiguration

contained in the Biometric Database.

31.     After scraping photographs from the internet, Prisma, performed facial geometric scans of the various faces in the scraped photographs, including Plaintiff's face and Class members' faces, in order to collect, capture and obtain the Biometrics from those faces.

32.     Prisma also profited from the Biometrics in the Biometric Database, including the Biometrics of Plaintiff and Class members, by using those Biometrics to create Lensa AI's output and to prevent losses and/or improve the client experience.

33.     Prisma: (a) never informed Plaintiff or Class members in writing or otherwise of the purpose for which it was collecting, capturing, obtaining, purchasing, disclosing, redisclosing and disseminating the Biometrics of Plaintiff and Class members; and (b) never sought, nor received, a written release or other consent from Plaintiff or Class members or the respective authorized representatives of Plaintiff or Class members that allowed Prisma to collect, capture, obtain, purchase, disclose, redisclose, disseminate and profit from the Biometrics of Plaintiff and Class members.

34.     Further, Plaintiff and Class members never consented, agreed or gave permission – written or otherwise – to Prisma for the collection or storage of their unique Biometrics. Indeed, prior to the Biometric Database being publicized, Plaintiff and Class members had no idea Prisma was ever in possession of their photographs and Biometrics.

35.     Likewise, Prisma never provided Plaintiff or Class members with an opportunity to prohibit or prevent the collection, storage, use or dissemination of their unique Biometrics.

***The Injuries and Damages of Plaintiff and Class members***

36.     As alleged herein, as a result of Defendant's unlawful conduct, Plaintiff and Class members have already sustained injuries and face many more imminent and impending injuries

7

which they will continue to suffer.

37.     Defendant's unlawful conduct has resulted in, among other things: (a) Plaintiff's and Class members' unique Biometrics being collected, captured, obtained, purchased, disclosed, redisclosed and otherwise disseminated without the requisite notice having been given and without the requisite releases or consents having been obtained; and (b) Plaintiff and Class members being deprived of control over their Biometrics.

38.     To this day, Plaintiff and Class members do not know which, or how many, individuals or entities have received, obtained, purchased, received through trade, accessed, stored, disclosed, redisclosed or otherwise made use of Plaintiff's and Class members' Biometrics, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering and other invasions of privacy.

39.     As a result of Defendant's misconduct, Plaintiff and Class members have no recourse for the fact that their biologically unique information has been compromised. Moreover, Plaintiff and Class members are likely to withdraw from biometric-facilitated transactions and other facially-mediated electronic participation.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4) on behalf of himself and the following Class:

a.      All individuals who reside or resided in the State of Illinois whose Biometrics were or are contained in the Biometric Database.

41.     Excluded from the Class: (a) Prisma; (b) any parent, affiliate or subsidiary of Prisma; (c) any entity in which Prisma has a controlling interest; (d) any of Prisma's officers or directors; and (e) any successor or assign of Prisma. Also excluded are any judge or court

personnel assigned to this case and members of their immediate families.

42.     Plaintiff reserves the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

43.     **Numerosity:** Members of the Class are so numerous that their individual joinder herein is impracticable. Upon information and belief, the members of the Class number in the thousands—and potentially millions. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery and objective data. Class members may be notified of the pendency of this action by mail, electronic mail, internet postings, social media and/or publication.

44.     **Commonality and predominance:** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to:

   a.     Whether Prisma captured, collected, obtained, accessed, created, stored, used, commercialized, disseminated, disclosed or redisclosed the Biometrics of Plaintiff and Class members;

   b.     Whether the actions of Prisma violated Illinois statutes;

   c.     Whether the actions of Prisma violated Illinois and Federal constitutional and common law rights;

   d.     Whether Prisma properly informed Plaintiff and Class members that it was collecting, capturing, obtaining, creating, accessing, storing, using, commercializing, disseminating, disclosing and redisclosing their Biometrics;

   e.     Whether Prisma used the Biometrics of Plaintiff and members of the Class

to covertly parse their photos identify them as individual human beings, build the training set for Lensa AI, and generate products sold through Lensa AI;

f.    Whether Prisma acted negligently, recklessly or intentionally in, directly or indirectly, scraping individuals' photographs from the internet and/or using them to identify individuals based upon facial geometry;

g.    Whether Prisma should be enjoined from continuing its practices;

h.    Whether Prisma failed to provide notice that it was scraping individuals' photographs from the internet and engaging in the practices described throughout this complaint;

i.    Whether Prisma failed to provide notice that it was collecting, capturing, obtaining, accessing, using, storing and disseminating individuals' images, facial geometry and Biometrics; and

j.    Whether Prisma provided any mechanism for Class members to consent to its practices;

45.    **Typicality:** The claims of the named Plaintiff are typical of the claims of Class members because Plaintiff and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein. Plaintiff has no interests to advance that are adverse to the interests of the other members of the proposed Class. Plaintiff is unaware of any of his personal interests that are adverse to the interests of the other members of the proposed Class.

46.    **Adequacy:** Named Plaintiff is an adequate representative of the proposed Class because his interests do not conflict with the interests of the Class members he seeks to represent,

he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by named Plaintiff and his counsel.

47. **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims and defenses of the Class members and the named plaintiff. Each individual member of the Class may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Prisma's liability. Further, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court on the issue of the liability of Prisma. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

48. In the alternative, the proposed class may be certified because:

    a. The prosecution and defense of separate actions by each individual member of the proposed Class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Prisma.

    b. The prosecution and defense of individual actions the interests of non-party Class members or which would substantially impair their ability to protect their interests; and

c. Prisma acted or refused to act on grounds generally applicable to the proposed Class, thereby making final and injunctive relief appropriate with respect to members of the proposed Class.

49. Pursuant to Rule 23(c)(4), particular issues are appropriate for certification, namely the issues described above in regard to commonality and predominance, because resolution of such issues would advance the disposition of the matter and the parties' interests therein.

## COUNT ONE
## VIOLATION OF BIPA – 740 ILCS 14/15(b)

50. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51. BIPA seeks to safeguard Illinois residents' biometrics identifiers and biometric information.

52. Pursuant to BIPA, biometric identifiers include a scan of an individual's face geometry. 740 ILCS 14/10.

53. Pursuant to BIPA, biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

54. Pursuant to BIPA, a private entity, such as Defendant Prisma, *see* 740 ILCS 14/10, is among other things, prohibited from collecting, capturing, purchasing, receiving through trade or otherwise obtaining an individual's biometric identifiers and information without first: (a) informing the individual or the individual's authorized representative in writing that the biometric identifier and information are being collected or stored; (b) informing the individual or the individual's authorized representative of the specific purpose and length of term for which the biometric identifier and information are being collected, stored and used; and (c) obtaining a

written release. 740 ILCS 14/15(b).

55.     Pursuant to BIPA, a private entity, such as Defendant Prisma, *see* 740 ILCS 14/10: (a) is prohibited from selling, leasing, trading or otherwise profiting from an individual's biometric identifiers and information; (b) is prohibited from disclosing, redisclosing or otherwise disseminating an individual's biometric identifiers or information without first obtaining consent; and (c) must store, transmit and protect from disclosure all biometric identifiers and biometric information in its possession using the reasonable standard of care within the private entity's industry and in a manner which is the same as or more protective than the manner in which the private entity stores, transmits and protects other confidential and sensitive information. 740 ILCS 14/15(c)-(e).

56.     BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions. 740 ILCS 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS 14/20.

57.     As alleged above, Prisma violated BIPA by collecting, capturing, purchasing, receiving through trade and/or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class members, without first providing the requisite written information and without obtaining the requisite written releases.

58.     The BIPA violations of Prisma were intentional and reckless or, pleaded in the alternative, negligent.

59.     As a direct and proximate result of the BIPA violations of Prisma, Plaintiff and

Class members have suffered and will continue to suffer injury.

60.     Plaintiffs and Class members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

61.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Prisma will continue to cause great and irreparable injury to Plaintiff and Class members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

62.     Plaintiff and Class members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## COUNT TWO
### VIOLATION OF BIPA – 740 ILCS § 14/15(c)

63.     Plaintiff restates and realleges paragraphs his previous allegations as though fully set forth in this part.

64.     As alleged above, Prisma violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from individual's biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiff and Class members.

65.     The BIPA violations of Prisma were intentional and reckless or, pleaded in the alternative, negligent.

66.     As a direct and proximate result of the BIPA violations of Prisma, Plaintiff and Class members have suffered and will continue to suffer injury.

67.     Plaintiff and Class members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

68.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Prisma will continue to cause great and irreparable injury to Plaintiff and Class members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

69.     Plaintiff and Class members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**COUNT THREE**
**VIOLATION OF BIPA – 740 ILCS § 14/15(d)**

70.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.     As alleged above, Prisma and violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class members, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure were not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure were not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

72.     The BIPA violations of Prisma were intentional and reckless or, pleaded in the alternative, negligent.

15

73.     As a direct and proximate result of the BIPA violations of Prisma, Plaintiff and Class members have suffered and will continue to suffer injury.

74.     Plaintiff and Class members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

75.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Prisma will continue to cause great and irreparable injury to Plaintiff and Class members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

76.     Plaintiff and Class members also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

## COUNT FOUR
## VIOLATION OF ILLINOIS STATUTORY RIGHT TO PUBLICITY –765 ILCS 1075/1 *et seq.*

77.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

78.     Illinois' statute protecting the right to publicity 765 ILCS 1075/1 *et seq*., prohibits and provides damages for using an individual's identity for commercial purposes without having obtained previous written consent.

79.     By engaging in the forgoing acts and omissions, Prisma used Plaintiff's and Class members' identities for commercial purposes without having obtained previous written consent.

80.     Each use of Plaintiff's and Class members' identities is a separate and distinct violation of 765 ILCS 1075/1 *et seq.* giving rise to damages.

81.     As a result of Prisma's violation of 765 ILCS 1075/1 *et seq.*, Plaintiff and Class

members have suffered actual damages. Plaintiff and Class members have been denied the economic value of their likenesses, which Prisma has appropriated and used for its own economic benefit. Plaintiff and Class members also lost the right to refuse consent and protect their privacy. Actual damages may be measured as the fair market value of a person's likeness used for advertising and as part of a product, or as the revenue Prisma derived from its unauthorized use.

82.    Plaintiff seeks declaratory, injunctive, and monetary damages for himself and on behalf of each member of the proposed Class as provided for in 765 ILCS 1075/1 *et seq.*, including statutory damages equal to the greater of $1000 per violation, actual damages, or profits Prisma derived from its unauthorized use; punitive damages in light of Defendant's willful violation; and the award of attorneys' fees and costs in the event Plaintiff prevails in this action.

<u>**COUNT FIVE**</u>
**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT PUBLICITY – 815 ILCS 505/1 *et seq*.**

83.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

84.    Prisma has and is engaged in deceptive or unfair practices as those terms are defined in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

85.    As described in this complaint, Prisma's misappropriation and use Plaintiff's and Class members' identities without consent offends public policy established in Illinois statutory and common law, is unethical and unscrupulous, and creates substantial injury to Plaintiff and Class members by denying them the legally protected to control their identities.

86.    By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Prisma engaged in and continues to engage in deceptive and unfair practices prohibited by Illinois law.

87.     As a result of Prisma's actions, Plaintiff and Class members have been injured. Plaintiff and Class members each lost the value of their names and images. Plaintiff and Class members also lost the right to refuse consent and protect their own privacy, as guaranteed by Illinois law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and Class members, respectfully requests that the Court:

a.     Certify the Class, appoint Plaintiff as the named representative of the Class, and appoint his lawyers as counsel for the Class;

b.     Award Plaintiff and the Class members statutory, compensatory, punitive, exemplary, consequential, general and nominal damages in an amount to be determined at trial;

c.     Grant permanent injunctive relief to prohibit Prisma from continuing to engage in the unlawful acts and practices described herein;

d.     Award Plaintiff and members of the proposed Class pre-judgment and post-judgment interest as permitted by law;

e.     Award to Plaintiff and members of the Class the costs and disbursements of the action, along with reasonable attorneys' fees, costs and expenses; and

f.     Grant all such other relief as it deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

Dated: March 14, 2023          Respectfully Submitted,

By: /s/ *Samuel J. Strauss*
     Samuel J. Strauss
     Raina C. Borrelli
     TURKE & STRAUSS LLP
     613 Williamson St., Suite 201
     Madison, WI 53703
     Telephone: (608) 237-1775
     Facsimile: (608) 509-4423
     sam@turkestrauss.com
     raina@turkestrauss.com

     Michael F. Ram (*pro hac vice* anticipated)
     Marie N. Appel (*pro hac vice* anticipated)
     MORGAN & MORGAN
     COMPLEX LITIGATION GROUP
     711 Van Ness Avenue, Suite 500
     San Francisco, CA 94102
     Telephone: (415) 358-6913
     Facsimile: (415) 358-6923
     mram@forthepeople.com
     mappel@forthepeople.com

     *Attorneys for Plaintiffs and the Proposed Class*